IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS' AND PIPEFITTERS' LOCAL 162 PENSION FUND, *et al.*, | : : : : |
| Plaintiffs, | : Case No. 2:21-cv-5612 : : Chief Judge Algenon L. Marbley |
| v. | : : Magistrate Judge Elizabeth P. Deavers |
| BRUNER CORPORATION, | : : |
| Defendant. | : : |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment (ECF No. 10). For the reasons that follow, Plaintiffs' Motion is **GRANTED**, a **DEFAULT JUDGMENT** is entered against Defendant Bruner Corporation, and Plaintiffs are awarded **$15,801.65** in total contributions, damages, interest, and fees.

**I. BACKGROUND**

Plaintiffs are the trustees of three employee benefit funds: (1) the Plumbers' and Pipefitters' Local 162 Pension Fund (the "Pension Fund"); (2) the Plumbers' and Pipefitters' Local 162 Retirement Savings Plan (the "Retirement Savings Plan"); and (3) the Plumbers' and Pipefitters' Local 162 Insurance Fund (the "Health Fund") (collectively, the "Funds"). (ECF No. 1 ¶ 1). Plaintiffs bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*; and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq*. (ECF No. 1 ¶¶ 2–3). They seek to collect contributions, liquidated damages, and interest as a result of Defendant Bruner Corporation's failure to remit its required payments to the Funds. (*Id.* ¶ 1).

1

The Funds were created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5); and are multiemployer benefit plans and employee welfare and pension plans as defined by ERISA § 3, 29 U.S.C. § 1002. (ECF No. 10 at 2; No. 1 ¶¶ 7–13). They are administered through Trust Agreements, which empower Plaintiffs to demand, collect, and receive employer contributions. (ECF No. 10 at 3; No. 1 ¶¶ 7–13; *see* ECF No. 1-2 (Trust Agreement)). To govern the collection of contributions, the Funds adopted a joint Collection and Delinquency Control Program (the "Collection Program"). (*Id.* ¶ 14; *see* ECF No. 1-3 (Collection Policy)).

Bruner Corp. is a signatory employer and a party to a Collective Bargaining Agreement with the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local No. 162. (ECF No. 10 at 3; No. 1 ¶¶ 15–16; *see* ECF No. 1-4 (Collective Bargaining Agreement)). As an employer bound by the Collective Bargaining Agreement, Bruner Corp. is required to submit timely reports of the hours worked by its covered employees, make contributions to the Funds, and abide by the terms of their respective Trust Agreements. (ECF No. 10 at 3; No. 1 ¶ 17).

Plaintiffs claim that Bruner Corp. submitted reports of the contributions due to the Funds, yet failed to make all required payments. (ECF No. 10 at 3; No. 1 ¶ 18). This conduct allegedly breached the Collective Bargaining Agreement, the Trust Agreements, and the Collection Program. (*Id.* ¶¶ 27, 36, 45, 54). Therefore, Plaintiffs state, Bruner Corp. is liable for delinquent contributions, liquidated damages, interest, and attorney's fees pursuant to ERISA § 502, 29 U.S.C. § 1132; and LMRA § 301, 29 U.S.C. § 185. (ECF No. 1 ¶¶ 29, 38, 47, 56).

On August 6, 2021, Plaintiffs filed their Complaint. (ECF No. 1). Bruner Corp. was served with a Summons and a copy of the Complaint via certified mail on August 19, 2021. (ECF No. 7). Bruner Corp. failed to appear or file a timely answer. Consequently, on September 10, 2021,

Plaintiffs applied to the Clerk for entry of default against Bruner Corp., which the Clerk then entered. (ECF Nos. 8 & 9). Plaintiffs now move for default judgment. (ECF No. 10). Bruner Corp. has not responded.

## II. DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 governs defaults and default judgments. The first step is entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default is entered, a party may take the second step by moving for default judgment. Fed. R. Civ. P. 55(b). At that stage, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (internal quotation marks omitted).

"An entry of default does not automatically entitle the plaintiff to a default judgment." *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019). "The plaintiff must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Id.*; *see also F.C. Franchising Sys., Inc. v. Schweizer*, 2012 WL 1945068 at *3 (S.D. Ohio May 30, 2012) ("[I]t remains for the district court to consider whether the unchallenged facts constitute a cause of action, since a party in default does not admit mere conclusions of law." (quoting *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010))).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to consider the following factors:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material

facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); and *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193–94 (6th Cir. 1986)). This Court will address these factors in a slightly different order, beginning with the sufficiency of the Complaint and the merits of the claims.

### A. Sufficient and Meritorious Claims

Plaintiffs bring their claims under ERISA and LMRA. (ECF No. 1 ¶ 2). An employer that is a signatory to a collective bargaining agreement violates ERISA if it fails to make contributions to employee plans in accordance with the terms and conditions of that agreement. 29 U.S.C. §1145; *see Iron Workers Dist. Council of S. Ohio & Vicinity Benefit Tr. v. ALW Constr. LLC*, 2019 WL 4170211, at *2 (S.D. Ohio Sept. 3, 2019). Similarly, those acts may state a claim for breach of contract between an employer and a labor organization, hearable under LMRA. 29 U.S.C. § 185(a).

Taking the factual allegations as true, the Court finds that the Complaint states sufficient and meritorious claims against Bruner Corp. The Complaint alleges that Bruner Corp. is a signatory to the Collective Bargaining Agreement and is bound by its terms. (ECF No. 1 ¶¶ 16–17). In turn, the Collective Bargaining Agreement binds Bruner Corp. to the terms of the Trust Agreements. (*Id.* ¶¶ 22, 31). Pursuant to the Trust Agreements, Bruner Corp. is required to submit monthly reports of covered hours worked and remit contributions to the Funds. (*Id.* ¶¶ 23, 32, 40, 49). As alleged, Bruner failed to make all its required contributions. (*Id.* ¶¶ 27, 36, 45, 54). Thus, the Complaint states valid claims under ERISA and LMRA. This factor weighs in favor of default judgment.

### B. Prejudice to Plaintiffs

Plaintiffs likely will be prejudiced if their Motion is denied. Plaintiffs filed this suit nearly a year ago (*see* ECF No. 1), and still they remain without relief. To deny default judgment would render Plaintiffs' effort at a civil resolution futile, while rewarding Bruner Corp.'s avoidance of this litigation. Moreover, were Plaintiffs to file another lawsuit, all indications are that they would return to this stage: default judgment. Courts find the prejudice factor to be satisfied under such circumstances. *See, e.g.*, *Toler v. Glob. Coll. of Nat. Med., Inc.*, 2016 WL 67529, at *7 (E.D. Mich. Jan. 6, 2016). Accordingly, the prejudice factor weighs in favor of default judgment.

### C. Amount of Money at Stake

Next, the Court considers the amount of money at stake. Plaintiffs request a total award of $15,801.65. This total is on the lower end of the spectrum for typical federal cases, and the Court has identified several other cases from this District granting default judgments in greater amounts on similar claims. *See, e.g.*, *Cincinnati Children's Hosp. Ret. Plan v. Wall*, 2020 WL 5797916, at *4 (S.D. Ohio Sept. 29, 2020) (awarding over $35,000); *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Tr. v. Elite Iron Servs. L.L.C.*, 2013 WL 4520256, at *2 (S.D. Ohio Aug. 26, 2013) (awarding over $160,000); *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Tr. v. Hoosier Steel, Inc.*, 2012 WL 1122809, at *4 (S.D. Ohio Apr. 3, 2012) (awarding over $300,000); *GCIU-Emp'r Ret. Fund v. S. Rosenthal & Co.*, 2009 WL 238792, at *1 (S.D. Ohio Jan. 29, 2009) (awarding over $40,000). Accordingly, the Court will treat this factor as favoring default judgment.

### D. Possible Disputed Material Facts

As for the possibility of disputed material facts, Bruner Corp. has given this Court nothing to evaluate; it has not participated in this case in any capacity. Bruner Corp. failed to respond by the pleading deadline, at which point it "forfeited [its] right to dispute any of Plaintiff[s]'

5

allegations by not answering the Complaint." *Tomlinson v. E. Recovery & Remediation Grp., LLC*, 2019 WL 1380313, at *4 (E.D. Mich. Mar. 27, 2019). Given the yearlong silence from Bruner Corp., it seems unlikely it would dispute the factual allegations even if provided the opportunity. Thus, this factor weighs in favor of default judgment.

### E. Default Due to Excusable Neglect

It is not apparent whether excusable neglect played a role in Bruner Corp.'s default in this case. Despite being properly served (*see* ECF No. 7), Bruner Corp. never made an appearance or filed a response to the Complaint. Their reasons are unknown, so the Court treats this factor as neutral.

### F. Preference for Decisions on the Merits

Finally, the Court must consider "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. Inevitably, this factor is in tension with default judgment. Where trial on the merits is not attainable, however, courts recognize that this policy preference must yield to the needs of litigants actually before them. *See, e.g.*, *Toler*, 2016 WL 67529, at *9 ("[W]hile public policy favors resolution of cases on the merits, Defendants and their Counsel have consistently ignored opportunities for a merits-based resolution by refusing to respond in this matter . . . . 'Effective judicial administration requires that at some point disputes be treated as finally and definitively resolved.'" (quoting 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2693 (3d ed.))). Since no other factors disfavor default judgment, and since a decision on the merits is neither realistic nor attainable in this case, policy preferences will not preclude Plaintiffs' requested relief. Plaintiffs' Motion for Default Judgment (ECF No. 10) is **GRANTED**.

### III. DAMAGES AND FEES

Having found default judgment proper, the Court next must determine the appropriate measure of damages. Rule 55(b)(2) permits the Court to conduct an evidentiary hearing to determine damages, but it does not require one. *See Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). If damages are calculable or liquidated, then the court may forego an evidentiary hearing because the facts establishing damages are not distinct from the facts establishing liability. *See United States v. Di Mucci*, 879 F.2d 1488, 1497–98 (7th Cir. 1989); *Barnes v. Abraham, Inc.*, 2017 WL 5714091, at *2 (S.D. Ohio Nov. 28, 2017) ("A court may determine damages without holding an evidentiary hearing if the damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." (internal quotation marks omitted)). On the other hand, "[w]here damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation marks omitted).

In their Motion, Plaintiffs seek four forms of monetary damages: payment of the delinquent contributions Bruner Corp. owes to the Funds, liquidated damages pursuant to the Collection Program, interest on Bruner Corp.'s delinquent contributions, and reasonable attorney's fees. (ECF No. 10 at 4–6). These damages are sufficiently certain and calculable: delinquent contributions are reported by the Funds' administrator (*see* ECF No. 10-1 (decl. of Shanna Terrill)), while liquidated damages and interest are specified in the Collection Policy (*see* ECF No. 1-3). As such, the Court may rule on the papers.

### A. Contributions, Interest, and Liquidated Damages

ERISA § 502 specifies the awards available in cases involving delinquent contributions. Where "a judgment in favor of the plan is awarded, the court shall award" the following:

(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of –
    (i)  interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "The language of Section 1132(g) is mandatory." *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388 (6th Cir. 1991)

The Collection Policy specifies how liquidated damages and interest are to be calculated. "Liquidated damages are assessed on an escalating scale, between 5% and 15% of the delinquent contribution, and interest accrues at the rate of 1% per month until the contributions are received." (ECF No. 10 at 4, citing ECF No. 1-3). The Funds' administrator applied these policies when calculating total damages. (ECF No. 10-1 ¶ 4 (Terrill decl.)).

In total, Plaintiffs seek $9,471.40 in unpaid and delinquent contributions, $1,420.71 in liquidated damages, and $1,393.54 in accrued interest. (ECF No. 10 at 4–5). The request is backed with financial records and the Declaration of the Funds' administrator. (*See* ECF No. 10-1). Consistent with ERISA § 505 and the Collection Policy, the Court finds that Plaintiffs are entitled to the requested award.

## B. Attorney's Fees

ERISA also entitles a prevailing plaintiff to reasonable attorney's fees as determined by the district court. 29 U.S.C. § 1132(g)(2)(D). The award is mandatory. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The court determines the fee amount using the "lodestar" method, which begins by calculating "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* at 1401 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). If both inputs are reasonable, then "the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986)).

A court should look to "evidence supporting the hours worked and rates claimed," *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1208 (6th Cir. 1992) (quoting *Hensley*, 461 U.S. at 433), and should assess the "prevailing market rate in the relevant community." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (emphasis removed) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "The prevailing market rate can be demonstrated in a number of ways, including, affidavit, fee award studies, citations to prior precedent regarding reasonable rate adjudications, and the court's own expertise in recognizing reasonable applicable prevailing rates." *Ohio & Vicinity Carpenters' Fringe Ben. Funds, Inc. v. BCS Contractors, Inc.*, 2015 WL 710955, at *2 (N.D. Ohio Feb. 18, 2015).

Plaintiffs' counsel submitted a Declaration supporting the requested attorney's fees, together with an exhibit detailing the time spent on Plaintiffs' case and the billing rates used. (ECF No. 10-2 (decl. of Thomas Kendall)). The firm expended 18.2 hours in this suit, at hourly rates of $230.00 for attorney time, $250.00 for partner time, and $110.00 for paralegal time. (*Id.* Ex. 1).

These billing entries sufficiently describe the work performed, and the Court finds the hours expended were reasonable and necessary to investigate the claim, file the case, and obtain default judgment. In addition, the billing rates are at or below those deemed reasonable for comparable work in similar matters.[1] Accordingly, Plaintiffs are entitled to reasonable attorney's fees in the requested amount of $3,516.00.

### C. Total Damages

To summarize, the Court awards $9,471.40 in unpaid and delinquent contributions, $1,420.71 in liquidated damages, $1,393.54 in accrued interest, and $3,516.00 in attorney's fees, for a total judgment of $15,801.65. The allocation among Plaintiffs is as described in the Motion: $8,952.35 to the Pension Fund, $3,183.70 to the Retirement Savings Plan, $149.60 to the Health Fund, and all attorney's fees to Plaintiff's counsel. (ECF No. 10 at 4–5).

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Default Judgment (ECF No. 10) is **GRANTED**. A **DEFAULT JUDGMENT** is entered against Defendant Bruner Corporation, and contributions, damages, interest, and fees are awarded in the full requested amount of **$15,801.65**. This case is **CLOSED**.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: July 25, 2022**

---

[1] *See, e.g.*, *Bd. of Trustees of S. Ohio Painters Health & Welfare Fund v. Sixth Region Remodeling, LLC*, 2022 WL 1085166, at *4 (S.D. Ohio Apr. 11, 2022) (hourly rates of $329 and $200 for attorneys, and $139 for paralegal); *Cincinnati Children's Hosp. Ret. Plan*, 2020 WL 5797916, at *4 ($545 for partner and $270 for associate); *Bd. of Trs. of Ohio Laborers' Fringe Benefits Programs v. Dan Ray Constr.*, 2018 WL 2435184, at *2 (S.D. Ohio May 30, 2018) ($280 for attorney).