IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS' & PIPEFITTERS' LOCAL 162 PENSION FUND, *et al.*, | : <br> : <br> : Case No. 2:21-cv-5612 <br> : |
| Plaintiffs, | : Chief Judge Algenon L. Marbley <br> : Magistrate Judge Deavers |
| vs. | : <br> : |
| BRUNER CORPORATION, | : <br> : |
| Defendant. | : |

**OPINION & ORDER**

This matter is before the Court on Defendant Bruner Corporation's Motion to Vacate the July 25, 2022 Default Judgment (ECF No. 24). For the following reasons, this Court **GRANTS** Defendant's Motion.

**I. BACKGROUND**

Plaintiffs are the trustees of three employee benefit funds: (1) the Plumbers' and Pipefitters' Local 162 Pension Fund (the "Pension Fund"); (2) the Plumbers' and Pipefitters' Local 162 Retirement Savings Plan (the "Retirement Savings Plan"); and (3) the Plumbers' and Pipefitters' Local 162 Insurance Fund (the "Health Fund") (collectively, the "Funds"). (ECF No. 1 ¶ 1). Defendant Bruner Corp. is a signatory employer and a party to a Collective Bargaining Agreement with the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local No. 162. (*Id.* at 2). As an employer bound by the Collective Bargaining Agreement, Defendant is required to submit timely reports of the hours worked by its covered employees, make contributions to the Funds, and abide by the

terms of their respective Trust Agreements. (*Id*.).

Plaintiffs claim that Defendant submitted reports of the contributions due to the Funds yet failed to make all required payments. (*Id*.). Therefore, Plaintiffs state, Defendant is liable for delinquent contributions, liquidated damages, interest, and attorney's fees pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq*. (*Id.*).

On August 6, 2021, Plaintiffs filed their complaint. (ECF No. 1). On August 19, 2021, Plaintiffs performed certified mail service by addressing their complaint and summons to F. Randolph Sleeper—Defendant's registered agent—at 3637 Lacon Road, Hilliard, Ohio, 43026-1202 (the "Lacon Road address"). (ECF No. 7). Sleeper is Defendant's owner and Chief Executive Officer. (ECF No. 24 at 2). The documents were received and signed for at the Lacon Road address by Melinda Robey. (ECF No. 7). Defendant no longer operated at the Lacon Road address by this point; the address was instead occupied by Bruner Holdings, a separate entity. (ECF No. 24-1 ¶¶ 11, 18, 22). At the time, however, Defendant's registered address with the Ohio Secretary of State was the Lacon Road address. (*Id.* ¶¶ 11, 18). According to Sleeper, Robey was never employed by Defendant. (*Id*. ¶¶ 22–23).

Defendant failed to appear or file a timely answer. Consequently, on September 10, 2021, Plaintiffs applied to the Clerk for entry of default against Defendant, which the Clerk then entered. (ECF Nos. 8 & 9). This Court awarded default judgment against Defendant on June 25, 2022, granting Plaintiffs the full requested amount of $15,801.65. (ECF No. 12).

On October 12, 2022, Defendant filed the instant motion seeking to vacate the default judgment pursuant to Federal Rules of Civil Procedure 60(b)(1), (4), and (6). (ECF No. 24). In its Motion, Defendant argues that default judgment is improper because it never received

Plaintiffs' complaint and summons. Defendant attached to its Motion a declaration from Sleeper asserting the following. (ECF No. 24-1). Bruner Holdings is an entity separate from Defendant, having executed an agreement to acquire certain of Defendant's assets and liabilities on March 14, 2020. (*Id.* ¶ 9). At the time that Plaintiffs attempted service, Bruner Holdings operated out of the Lacon Road address previously held by Defendant. (*Id.* ¶¶ 7, 11). Although Sleeper worked for Bruner Holdings for a period following the acquisition, he was terminated on July 24, 2020, and banned from the Lacon Road address. (*Id.* ¶ 14). Thereafter, Sleeper remained as Defendant's owner and relied upon Bruner Holdings to forward legal filings that were sent to the Lacon Road address. (*Id.* ¶¶ 17–18). Defendant did not update its registered address with the Ohio Secretary of State to reflect this change. (*Id.* ¶¶ 11, 18). On August 19, 2021, Plaintiffs' complaint and summons were delivered to Melinda Robey at the Lacon Road address. (*Id.* ¶ 21). Bruner Holdings did not forward these documents to Defendant. (*Id.* ¶ 19). Melinda Robey was not employed by Defendant, nor was she authorized to accept service on Defendant's behalf. (*Id.* ¶ 22–23). Defendant finally changed its address on file with the Ohio Secretary of State on December 16, 2021. (*Id.* ¶ 18). Sleeper did not become aware of the instant lawsuit until late August 2022, when notice was delivered to Defendant's current statutory agent that Plaintiffs were attempting to garnish funds pursuant to the default judgment. (*Id.* ¶ 20).

This motion is ripe for review.

## II. STANDARD OF REVIEW

Rule 60(b) permits this Court to grant a motion for relief from a final judgment due to, among other reasons, "mistake, inadvertence, surprise, or excusable neglect" or if "the judgment is void." Fed.R.Civ.P. 60(b)(1), (4). Public policy favoring finality of judgments and termination of litigation limits application of the rule. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir.

2014). "Therefore, 'relief under Rule 60(b) is . . . extraordinary.'" *Moore v. United States*, No. 14-114-DLB-HAI, 2018 WL 5046065, at *1 (E.D. Ky. Oct. 17, 2018) (citing *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016)).

Rule 60(b)(1) provides relief "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015) (citing *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).

Under Rule 60(b)(4), a judgment is void "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Improper service of process provides sufficient basis for a court to find that default judgment was entered inconsistent with due process under Rule 60(b)(4). *In re SCI Direct LLC*, No. 17-61735, 2020 WL 718320, at *2 (Bankr. N.D. Ohio Feb. 4, 2020).

Rule 60(b)(6) "is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550 at 553 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1708 (2015). Courts should apply Rule 60(b)(6) "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1988).

As the Sixth Circuit has explained, Rule 60(b) must be applied "equitably and liberally" in considering motions to vacate defaults and default judgments. *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). There are three factors which determine the outcome of a motion to vacate a default judgment: (1) whether the proponent's culpable conduct led to the

4

default; (2) whether the proponent has a meritorious claim or defense; and (3) whether the opposing party would be prejudiced. *Citizens Bank v. Parnes*, 376 F. App'x 496, 503 (6th Cir. 2010) (citing *Weiss*, 283 F.3d at 794). The movant must demonstrate that all three factors weigh in its favor to demonstrate that its motion to set aside the default judgment should be granted. *Id.* at 503–504 (citing *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 209–10 (6th Cir.1995)). Although the factors to be considered are the same for each, the Rule 60(b) standard for setting aside a default judgment is stricter than the Rule 55(c) standard to setting aside an entry of default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011).

### III. LAW AND ANALYSIS

Defendant moves for relief under Rules 60(b)(1), (b)(4), and (b)(6) on the same underlying basis: Defendant was never served and only became aware of the action once it learned of Plaintiffs' collection efforts post-judgment. Defendant's justifications for seeking vacatur of its default fall comfortably within Rule 60(b)(1) or (b)(4); thus, Rule 60(b)(6) does not apply. *See, e.g., United States v. Altiery*, No. 2:13-CR-00042-1-JRG, 2022 WL 3971106, at *2 (E.D. Tenn. Aug. 30, 2022) (construing a petitioner's motion as a Rule 60(b)(1) motion despite petitioner's intention to move under Rule 60(b)(6) because the motion's basis was adequately captured by Rule 60(b)(1)) (collecting cases).

Under Rule 60(b)(4), the court may relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). Under Rule 60(b)(4), a judgment is rendered void only "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of the law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108

5

(6th Cir. 1995). Because this Court's finding that the judgment is void would be dispositive, it first considers the applicability of Rule 60(b)(4) to Defendant's Motion.

Defendant's argument under Rule 60(b)(4) is that this Court lacked personal jurisdiction to enter the default judgment because Plaintiffs failed to serve Defendant properly. Plaintiffs argue that service did not fail merely because Defendant did not receive actual notice. Instead, Plaintiffs maintain, they appropriately used for service an address which functioned as both Defendant's listed place of business and the address of its registered agent.

Federal Rule of Civil Procedure 4(h) provides that a domestic corporation may be served by either following the relevant state procedure or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). Federal Rule of Civil Procedure 4(m) provides the following:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Ohio Civil Rule 4.2(F) provides that service may be made "[u]pon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation at any of its usual places of business by a method authorized under Civ.R.4.1(A)(1); or by serving an officer or a managing or general agent of the corporation." The relevant statutory landscape is as follows:

6

> Every corporation is required to maintain a statutory agent upon whom "any process, notice, or demand may be served." R.C. 1701.07(A). Service upon a corporation may be achieved by serving the statutory agent of the corporation. R.C. 1701.07(H); Civ.R. 4.2(F). The statutory agent may be served at the address as it "appears upon the record in the office of the secretary of state." R.C. 1701.07(H). If the statutory agent changes the address from that appearing upon the record in the office of the Secretary of State, the corporation or statutory agent "shall forthwith file" the new address with the Secretary of State. (Emphasis added .) R.C. 1701.07(E).

*Denittis v. Aaron Constr., Inc.*, 11th Dist. Geauga No. 2011-G-3031, 2012-Ohio-6213, ¶ 33.

Although Ohio courts presume that service is proper if the Ohio Civil Rules are followed, service must also comport with due process. *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. Franklin No. 05AP-51, 2005-Ohio-5924, ¶ 27. In other words, if the plaintiff follows the Ohio Civil Rules governing service of process, Ohio courts presume that service is proper "unless the defendant rebuts this presumption with sufficient evidence of non-service." *Chilcote v. Kugelman*, 8th Dist. Cuyahoga No. 98873, 2013-Ohio-1896, ¶ 10. Ohio courts "should not disregard uncontradicted testimony regarding the failure to receive service." *Blon v. Royal Flush, Inc.*, 7th Dist. No. 21 BE 0037, 2022-Ohio-1958, 191 N.E.3d 505, ¶ 24. "When service of process is not properly made pursuant to Civ.R. 4 *et seq.*, a trial court lacks the jurisdiction to consider the complaint, and its judgment with regard to that complaint is void ab initio." *Capital One Bank (USA), N.A. v. Coleman*, 6th Dist. Lucas No. L-18-1173, 2019-Ohio-3700, ¶ 11.

Defendant chose to rely upon the promptness and goodwill of another company, Bruner Holdings, in forwarding important mail to it. Even worse, Defendant failed to update the address for its statutory agent listed with the Secretary of State for a year and a half after the address became outdated. Sleeper's banishment from the Lacon Road address indicates that Defendant had an acrimonious relationship with Bruner Holdings at the relevant time. These actions and inactions were unwise on Defendant's part. Defendant nonetheless places forth sufficient

7

evidence of non-service which Plaintiffs fail to rebut. Specifically, Plaintiffs fail to counter Defendant's contentions that, at the time they attempted service, Robey was not authorized to receive service on Defendant's behalf; the statutory agent did not reside at or operate from the Lacon Road address; and Defendant did not conduct business at the Lacon Road address. Defendant's uncontradicted affidavit thus constitutes sufficient evidence to rebut any presumption of proper service. *See Runyon v. Hawley*, 9th Dist. Lorain No. 17CA011141, 2018-Ohio-2444, 2018 WL 3117027, ¶ 22 (explaining that a business entity can rebut the presumption of proper service even if the business failed to update the statutory agent's address with the State of Ohio).

Ohio courts maintain a preference toward adjudicating cases on their merits. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 151, 351 N.E.2d 113 (1976) (explaining that, generally, "where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."). This Court similarly prefers to adjudicate cases on their merits, having previously reasoned that "any doubts as to the propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong." *Hogan v. Cleveland Ave Rest., Inc.*, No. 2:15-CV-2883, 2023 WL 2664417, at *1 (S.D. Ohio Mar. 28, 2023) (Marbley, J.) (internal quotations omitted). More importantly, improper service provides sufficient basis for a default judgment to be found void under Rule 60(b)(4). *See In re SCI Direct LLC*, 2020 WL 718320, at *2. This Court thus **GRANTS** Defendant's Motion.

Notwithstanding this Court's holding, the record contains evidence that Plaintiffs earnestly attempted to effectuate service. Plaintiffs' failure to do so is due in large part to

8

Defendant's lack of diligence in updating its listed address for its registered agent. Because Defendant was not served properly, this Court sets aside the entry of default. Fed.R.Civ.P. 55(c) (providing that, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."). Considering that Plaintiffs demonstrate good cause for their defective service, however, this Court **ORDERS** Plaintiffs to effect service upon Defendant within sixty (60) days of this Order.

This Court is aware that Plaintiffs incurred additional expenses in moving for the default that this Order vacates. Notwithstanding that this Order vacates the default due to Plaintiffs' defective service, the failure of service was due largely to Defendant's carelessness. In such instances, some courts have vacated the default judgment subject to the condition that the defendant reimburse the costs and attorney's fees incurred by the plaintiff in moving for default judgment. *See, e.g., Pavuk v. U.S. Bank Nat. Ass'n ND*, No. 2:09-CV-00514, 2010 WL 518165, at *4 (S.D. Ohio Feb. 3, 2010) (collecting cases). This Court does likewise. The parties have until July 16, 2023, to agree upon the amount due Plaintiffs for their costs and attorney fees incurred in filing their Application to the Clerk for Entry of Default (ECF No. 8) and Motion for Default Judgment (ECF No. 10). If the parties cannot agree, Plaintiffs shall file with the court an itemization of their costs and attorney fees for consideration by the court.

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendant's Motion to Vacate the July 25, 2022 Default Judgment (ECF No. 24) with the **CONDITION** that Defendant reimburse Plaintiffs for the costs and attorney fees they incurred in filing their Application to the Clerk for Entry of Default (ECF No. 8) and Motion for Default Judgment (ECF No. 10).

9

Because Defendant was not properly served, the Clerk is directed to **VACATE** the **DEFAULT JUDGMENT** and the **ENTRY OF DEFAULT** against it. This Court further **ORDERS** Plaintiffs to effect service as to Defendant within sixty (60) days of this Order.

**IT IS SO ORDERED.**

						_____
						**ALGENON L. MARBLEY**
						**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 16, 2023**